# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 23-CV-6701 (RER) (JAM)

---

CORSINO

versus

EL MONUMENTAL RESTAURANT AND DAVID CABA

---

**MEMORANDUM AND ORDER**

November 21, 2024

---

**RAMÓN E. REYES, JR., United States District Judge:**

Plaintiff Brigida Corsino ("Plaintiff") brought this action against El Monumental Restaurant ("El Monumental" or "Corporate Defendant") and David Caba ("Caba" or "Individual Defendant") (collectively, "Defendants").[1] (*See* Complaint, ECF No. 1 ("Compl.")). Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, New York Labor Law ("NYLL") §§ 190 and 650 *et seq.*, and New York Codes, Rules, and Regulations, 12 N.Y.C.R.R. § 146-1.6. (Compl. ¶ 38–52). Currently before the Court is Plaintiff's third motion for default judgment. (ECF No. 23 ("Pl.'s Mot.")). For the reasons stated herein, Pl's Mot. against Corporate Defendant is

---

[1] Plaintiff initially brought this case also as a class action under Rule 23 and a collective action under 29 U.S.C. § 216. (*See* Compl. 5-6). Due to Defendants' default, however, Plaintiff only proceeds in her individual capacity.

granted in part and denied in part, and Pl's Mot. against Individual Defendant is denied for lack of procedural compliance with Local Civil Rule 55.2(c).[2]

## BACKGROUND

I. Factual Background

El Monumental is a restaurant establishment serving food and beverages located at 14-428 Hillside Ave., Jamaica, New York. (Compl. ¶ 5; ECF No. 23, Ex. E ("Corsino Decl.") ¶ 4). Caba is an owner, operator, and manager at El Monumental. (Compl. ¶ 6; Corsino Decl. ¶ 5). Defendants employed Plaintiff as a bartender from approximately 2018 until August 19, 2023.[3] (Compl. ¶¶ 13–14; Corsino Decl. ¶ 9). Plaintiff alleges she worked four days per week, seven hours per day, totaling twenty-eight hours per week.[4] (Compl. ¶ 17; Corsino Decl. ¶ 13).

Over the course of her employment, Plaintiff alleges that she did not receive the appropriate minimum wage, overtime wages, or tips. (Compl. ¶¶ 18–22; Corsino Decl. ¶¶ 16, 18–22). Plaintiff was paid $266.01 per week, or approximately $9.50 per hour. (Compl. ¶¶18; Corsino Decl. ¶15). Plaintiff claims that she was only paid cash tips given to her directly by customers, and that she was not given notice that Defendants were applying a tip credit towards her wage. (Compl. ¶¶19–20; Corsino Decl. ¶¶ 16, 19). Plaintiff also alleges that she did not receive overtime wages, but she did not claim which weeks she

---

[2] The Court acknowledges and offers its deep gratitude to Sanjana Singh, a judicial intern and second-year law student at New York University Law School, for her assistance in the research and drafting of this opinion.

[3] Plaintiff did not specify the day or month when her employment began in 2018. (*See* Compl.; Corsino Decl.).

[4] Plaintiff did not allege any facts specifying whether or to what extent her employment with Defendants was impacted by the Covid-19 Pandemic, which shutdown restaurants and bars in New York State. (*See* Compl.; Corsino Decl.).

worked overtime. (Corsino Decl. ¶ 22). Lastly, Plaintiff alleges that Defendants did not provide her with wage statements at times of payment or a wage notice at the time of her hiring as required under the NYLL (Compl. ¶ 21–22; Corsino Decl. ¶ 20–21).

Plaintiff also claims that she regularly handled numerous goods in the restaurant that traveled in interstate commerce, and that these goods included food and beverage items, cleaning supplies, restaurant supplies, and other related industry items that were produced outside of New York. (Compl. ¶ 15; Corsino Decl. ¶ 11). She then alleges that Corporate Defendant had gross annual sales of more than $500,000. (Compl. ¶ 10; Corsino Decl. ¶ 10). And Plaintiff asserts that Individual Defendant possessed operational control over and ownership interest in Corporate Defendant (Compl. ¶¶6–7; Corsino Decl. 5), and, that during her employment, Defendants had the power to hire and fire her, controlled the terms and conditions of her employment, and determined the rate and method of her compensation. (Compl. ¶ 40; Corsino Decl. ¶ 6).

II. Procedural History

Plaintiff commenced this action on September 8, 2023. (*See* Compl.). On October 28, 2023, Plaintiff served Individual Defendant with the Summons and Complaint at his actual place of business (144 Hillside Avenue, Jamaica, New York, 11435).[5] (ECF No. 5). Plaintiff attempted service upon Corporate Defendant on the same date (ECF No. 6) but failed to effectuate proper service.[6] (Order dated 1/16/2024; Order dated 1/26/2024).

---

[5] Individual Defendant was served by mail and through delivery to a person of suitable age and discretion who refused to offer their name but was noted as a coworker. (ECF No. 5).

[6] Plaintiff filled out the Summons form for Corporate Defendant incorrectly by failing to state the name of the individual served and in what capacity the individual was authorized to accept service on behalf of the Corporate Defendant.

After Defendants failed to respond to the Complaint or otherwise appear, Plaintiff first requested certificates of default against both Defendants on January 9, 2024. (ECF Nos. 8–9). The Clerk of Court entered default as to Individual Defendant on January 16, 2024. (ECF No. 10). However, the Clerk of Court denied Plaintiff's request to enter default against Corporate Defendant due to Plaintiff's improper service. (Order dated 1/16/2024). On February 6, 2024, Plaintiff properly served Corporate Defendant through the New York Secretary of State. (ECF No. 13). After Corporate Defendant was properly served and again failed to appear, Plaintiff requested another certificate of default against Corporate Defendant on March 8, 2024. (ECF No. 15). The Clerk of Court entered default on Corporate Defendant on March 14, 2024. (ECF No. 16).

Plaintiff first moved for default judgment on April 2, 2024 (ECF Nos. 17–18), which this Court denied without prejudice for failure to comply with Local Rule 55.2(c). (Order dated 4/9/2024). Namely, this first motion failed to provide proof of service of the moving papers to the last known residence of the defaulting parties. (ECF No. 18; Order dated 4/9/2024). Plaintiff filed a second motion for default judgment on April 22, 2024. (ECF Nos. 20–21). The Court denied this second motion for the same procedural defects as the first motion. (Order dated 4/24/2024).

Presently before the Court is Plaintiff's third motion for default judgment, filed on May 8, 2024. (Pl.'s Mot., ECF 22–23). As of the date of this Order, Defendants have still failed to appear or otherwise defend this action. In Pl.'s Mot., Plaintiff raised the following four claims: (1) unpaid minimum wages under the NYLL and FLSA; (2) liquidated damages; (3) statutory wage notice and statement violations under the NYLL and FLSA; and (4) pre- and post-judgment interest. (ECF No. 23). As required by Local Rules 7.1

4

and 55.2(b), Plaintiff attached to this motion the following documents: a memorandum of law ("Pl.'s Memo"), the Complaint (ECF No. 23, Ex. A), the certificates of default as to both Defendants (ECF No. 23, Ex. D), and a proposed form of default judgment (ECF No. 23, Ex. F).

Plaintiff, however, improperly served her motion on Individual Defendant, as she mailed the moving papers to his business address, rather than his residential address as required by Local Rule 55.2(c). See (ECF No. 23, Ex. C). Beyond this procedural defect, Pl.'s Mot. is also substantively insufficient, as it lacks the requisite level of specificity as to some material facts under Rule 8's pleading standard. (*See* Compl.). Hence, due to the deficient service of the moving papers, Pl.'s Mot. against Individual Defendant is denied. Furthermore, because of some missing material facts and the lack of specificity in the Complaint, Pl.'s Mot. as to the Corporate Defendant will only be granted in part.

## **DISCUSSION**

I. Defendants are in Default

Federal Rule of Civil Procedure 55 requires a "two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, a court clerk must enter a party's default after an affidavit or other evidence demonstrates that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, the plaintiff must request a default judgment. Fed. R. Civ. P. 55(b). The moving party must also follow the individual local rules for proper service of the motion papers. *Miss Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019), *adopted by* 2019 WL 955279 (Feb. 26, 2019) (denying default judgment motion as to individual defendants

when plaintiff failed to submit proof of mailing of the motion to these defendants' last known residential address).

The Second Circuit "generally disfavor[s]" default judgment and prefers to resolve disputes on the merits. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). However, when evaluating a motion for default judgment, the court accepts as true the plaintiff's well-pleaded allegations but must still determine if those allegations establish liability. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted). A party's default is considered "a concession of all well pleaded allegations of liability" but is "not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

Here, Plaintiff has completed the first step in the process to obtain a default judgment, as the Clerk of Court entered a certificate of default against Individual Defendant on January 16, 2024, (ECF No. 10), and against Corporate Defendant on March 14, 2024. (ECF No. 16). Plaintiff now seeks to complete the second step to obtain a default judgment against both defendants.

II. Plaintiff's Motion for Default Judgment Against Individual Defendant Is Denied for Failure to Comply with this Court's Local Civil Rules

This Court will deny a motion for default judgment if the movant fails to follow all relevant procedural rules. *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017). Local Civil Rule 55.2(c) requires all papers submitted in support of a motion for default judgment to "be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an

6

individual).” Loc. Civ. R. 55.2(c). Moreover, “[p]roof of such mailing shall be filed with the Court.” *Id.* The aim of this rule is to promote “fairness and efficiency” for all parties. *Miss Jones, LLC,* 2019 WL 926670, at *4. Courts in this District routinely deny motions for default judgment due to failure to comply with Local Rule 55.2. *See Dixon v. Int'l Unified Workforce, Inc.*, No. 18-CV-7191 (LDH) (SJB), 2020 WL 6140054, at *2 (E.D.N.Y. Sept. 1, 2020) (“Local Rule 55.2 is strictly construed, and failure to comply with th[is] rule is alone a basis to deny the motion for default judgment.”); *See Augustin v. Apex Fin. Mgmt.*, No. 14-CV-182 (CBA) (VMS), 2015 WL 5657368, at *3 (E.D.N.Y. July 27, 2015) (citing *Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012)) (“Plaintiff's failure to comply with Local Civil Rule 55.2 alone warrants denial of the motion, without prejudice to renew . . . .”), *adopted by* 2015 WL 7430008 (Nov. 23, 2015)). This Court has established that the mailing of default judgment motion papers to an individual defendant's business address fails to satisfy Local Civil Rule 55.2(c). *See, e.g.*, *Chocolatl v. Rendezvous Cafe, Inc.*, No. 18-CIV-3372 (CBA) (VMS), 2020 WL 3002362, at *4 (E.D.N.Y. Feb. 20, 2020) (denying motion for default judgment against individual defendant in part for mailing motion papers to business address, which constituted improper service), *adopted by* 2020 WL 1270891 (Mar. 17, 2020).

      Here, Plaintiff attempted to serve Pl.'s Mot. and its supporting papers to the Individual Defendant by mailing these moving papers to the business address of El Monumental rather than to Individual Defendant's last known residential address. (*See* ECF 23, Ex. H). Plaintiff is aware that this is the business address of Corporate Defendant and not Individual Defendant's residential address as she has noted this fact in previous

7

filings. (*See* ECF Nos. 5–6). This District has determined that the best way to ensure fair notice, in compliance with the Rules of Civil Procedure, is to require that a motion be served on an individual defendant's residence. *Miss Jones, LLC v. Viera*, 2019 WL 926670, at *4. As such, Plaintiff has failed to comply with Local Rule 55.2(c), and Pl.'s Mot. against Individual Defendant is denied. *See Bhagwat*, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) (denying default judgment motion against individuals in part for failure to mail motion to the defaulting parties' last known residential mailing address).

III. <u>Plaintiff's Motion as to Wage and Recordkeeping Violations is Denied for Lack of Standing</u>

To recover damages for NYLL violations in an Article III court, a Plaintiff must show that she has standing in federal court "for *all* of [her] claims, whether or not the Court also has supplemental jurisdiction." *Guthrie v. Rainbow Fencing Inc.,* No. 21-CV-5929 (KAM) (RML), 2023 WL 2206568, at *3 (E.D.N.Y. Feb. 24, 2023) (citing *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017)), *aff'd* 113 F.4th 300, 304-305 (2d Cir. 2024). For Article III standing, a plaintiff must establish: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) redressability. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citations omitted); *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022) (citation omitted).

In wage statement and recordkeeping violation cases, many courts have found that plaintiffs lack standing when there is no showing of a concrete harm flowing from the statutory violations. *See, e.g.*, *Saavedra v. Dom Music Box Inc.*, No. 21-CV-6051 (ENV) (JAM) 2024 WL 208303, at *5 (E.D.N.Y. Jan. 19, 2024) (where the complaint merely alleged failure to comply with the NYLL statutory mandates for wage statements and

8

notices, plaintiff did not allege sufficient facts linking a legally cognizable injury to the failure to comply), *adopted by* Order dated 3/13/2024; *Wang v. XBB*, Inc., No. 18-CV-7341 (PKC) (ST), 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022) ("Plaintiff has not linked any injury-in-fact to [the d]efendants' failure to provide statutory notices under the NYLL, so she lacks standing to recover on that claim." (citation omitted)); *Chen v. Lilis 200 West 57th Corp.*, No. 19 Civ. 7654 (VEC), 2023 WL 2388728, at *8 (S.D.N.Y. Mar. 7, 2023) (holding that the plaintiff failed to establish a distinct injury even when he asserted that the wage statements would have reflected that he was being underpaid).

Furthermore, the "hypothetical" nature of the injury (where plaintiff may have known earlier about improper payment if she had received the notices) is not enough to show standing. *See Quieju v. La Jugueria Inc.*, No. 23-CV-264 (BMC), 2023 WL 3073518, at *2 (E.D.N.Y. Apr. 25, 2023) ("The injury that plaintiff suffered (*i.e.*, defendants' failure to properly pay him) is not an injury he sustained because of a lack of the required documents; it is an injury sustained because his employer violated its obligation to pay minimum wage, overtime, and spread-of-hours pay under other, express requirements of federal and state law. It is the violation of those statutes to which his injury is 'fairly traceable.'"). In addition, the Court has held that "vague" arguments claiming that a lack of knowledge prevented the plaintiff from knowing that she was being underpaid are not enough to demonstrate standing. *Barbosa v. Phoenix Sutton Str. Inc.*, No. 22-CV-0666 (OEM) (ARL), 2024 WL 1835320, at *3 (E.D.N.Y. Apr. 26, 2024).

Here, Plaintiff has not made any factual assertions to show that an injury has flowed from Defendants' wage notice and recordkeeping violations, but merely states that such violations occurred. (Compl. ¶¶ 21–22; Corsino Decl. ¶¶ 20–21). These threadbare,

vague assertions—which only allege hypothetical damages—are not enough to establish that Plaintiff has standing to avail herself of monetary remedies for such violations under the NYLL. Accordingly, Plaintiff's claims as to alleged violations of the NYLL wage notice and recordkeeping mandates are dismissed for lack of standing.

IV. <u>Plaintiff's Motion as to Unpaid Minimum Wages Is Granted in Part</u>

    a. <u>Pleading Standard for FLSA Claims</u>

Plaintiff seeks default judgment on her FLSA and NYLL claims to recover unpaid minimum wages. Rule 8 of the Federal Rules of Civil Procedure requires Plaintiff to provide a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require a litigant to show "detailed facts," but it does demand more than "unadorned" accusations to be entitled to relief. *Snyder v. Perry*, No. 14-CV-2090 (CBA) (RER), 2015 WL 1262591, at *4 (E.D.N.Y. Mar. 18, 2015) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

In reviewing the pleadings, a court then determines whether the "plaintiff's allegations establish the defendant's liability as a matter of law." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Finkel*, 577 F.3d at 84). If a plaintiff does not allege "sufficiently detailed factual allegations," *Twombly* 550 U.S. at 550, the claims may be "insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability as an employer under the FLSA," *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *2 (E.D.N.Y. Sept. 1, 2015) (internal quotation marks omitted) (quoting *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009)) (finding that formulaic assertions are not

enough to assert liability under the FLSA), *adopted by* 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015).

b. Liability

To succeed on FLSA and NYLL claims, a plaintiff must establish that (1) a non-exempt employer-employee relationship exists between the parties and (2) she was inadequately compensated for her work. *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848 (RRM) (RER), 2022 WL 4646866, at *4 (E.D.N.Y. Aug. 29, 2022) (citations omitted), *adopted by* 2022 WL 4662247 (Sept. 30, 2022). Courts in this Circuit have found that if there is liability under the FLSA, there is generally liability for NYLL violations as well. *Id.*; *See also Guardado v. 13 Wall Street, Inc.*, No. 15-CV-2482 (DRH) (SIL), 2016 WL 7480358, at *5 (E.D.N.Y. Dec. 2, 2016) *adopted by* 2016 WL 7480363 (Dec. 29, 2016). Here, Plaintiff barely meets the required Rule 8 pleading standard to state a claim for relief. Plaintiff alleges in her Complaint and submissions in support of Pl.'s Mot. that Defendants are employers, that she is a non-exempt employee, and that she was not properly compensated.[7] (*See generally* Compl.). Those submissions demonstrate that Corporate Defendant is in default and may be liable under the FLSA and NYLL.

c. Damages

With respect to damages, a plaintiff must demonstrate "that the compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*

---

[7] While Plaintiff has demonstrated that she was not properly compensated, she has not shown *when* these injuries occurred with specificity. This lack of specificity will reduce the damages which Plaintiff receives, as the Court will proceed to make reasonable inferences with the bare facts provided. See *Nakahata v. New York-Presbyterian Healthcare Sys.,* 723 F.3d 192, 201 (2d Cir. 2013); *Herrera v. Tri-State Kitchen and Bath, Inc.*,14-CV-1695 (ARR) (MDG), 2015 WL 1529653, at *4 (E.D.N.Y. Mar. 31, 2015) (finding defendants liable for overtime wages under FLSA and NYLL but that the amount of damages awarded should be reduced for lack of clarity in plaintiffs' allegations.)

11

*Exhibitgroup, Inc.*, 973 F.2d at 159. Damages awarded on default are limited to the amount and type demanded by a plaintiff in the pleadings. Fed. R. Civ. P. 54(c). Even so, a court may rely on "detailed affidavits [or other] documentary [proof]" to determine the appropriate amount of damages. *Fustok v. ContiCommodity Servs., Inc.* 873 F.2d 38, 40 (2d Cir. 1989). Moreover, in FLSA cases, when wage and hour records are inaccessible, such as here, "the plaintiff may rely on his recollection to approximate the wages owed." *Palaghita v. Alkor Cap. Corp.*, No. 19-CV-1504 (ARR) (RER), 2021 WL 4464121, at *5 (E.D.N.Y. Aug. 20, 2021) (citing *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 332–33, 335 (S.D.N.Y. 2005)), *adopted by* 2021 WL 4463483 (Sept. 29, 2021).

Further, any damages awarded must be ascertained "with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Damages granted on default cannot exceed what is requested in the pleadings. Fed. R. Civ. P. 54(c). In the context of the FLSA, a plaintiff "must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference" of a wage violation. *Nakahata v. New York-Presbyterian Healthcare Sys.,* 723 F.3d 192, 201 (2d Cir. 2013). This must at least include the "given week" in which violations occurred and cannot rely on vague language such as "typically," "occasionally" or "some or all weeks" without specifying the number of violations. *See DeJesus v. HF Mgmt. Servs.,* 726 F.3d 85, 89–90 (2d Cir. 2013); *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113-115 (2d Cir. 2013).

Here, in addition to the Complaint, Plaintiff submitted a sworn declaration attesting to the hours she worked, the wages she was paid, and some dates of her employment. (*See* Corsino Decl.). This is sufficient to calculate some, but not all, of the damages that

Plaintiff requested. *See Fustok*, 873 F.2d at 40 (finding that damages can be calculated from the District Judge's knowledge based on the record). Plaintiff seeks (1) unpaid minimum wages, (2) liquidated damages, (3) pre-judgment interest, and (4) post-judgment remedies. (Compl. at 9; Pl.'s Mem at 6–7).

Plaintiff's allegations are missing numerous key facts, preventing this Court from granting Pl.'s Mot. in full. Most notably, Plaintiff has not provided an exact or approximate start date for her work with El Monumental and, instead, has only stated that her employment with Defendants began in 2018. Other than stating that her employment with Defendants commenced in the year of 2018, Plaintiff has not pled any other facts as to when her employment began—not even supplying a particular month in 2018—preventing this Court from being able to calculate the number of weeks during 2018 for which Plaintiff did not receive minimum wage. (Compl. ¶ 13; Corsino Decl. ¶¶ 10, 13, 15–16). The Court can only be reasonably certain that Plaintiff was working for Defendants on January 1, 2019 (as her start date in 2018 is unknown). Accordingly, the Court will adopt this date of January 1, 2019, as the day which Plaintiff's employment with Defendants began.

In addition, Plaintiff also does not account for any weeks that she may not have worked—whether she was not called in to work due to slow business at El Monumental or whether she was unemployed due to the closure of the restaurant—during certain periods of the COVID-19 pandemic. (*See* Compl.). For example, in March 2020, due to the COVID-19 pandemic and to comply with then Governor Andrew Cuomo's state-wide executive order, New York City Mayor Bill DeBlasio, by executive order, enacted a city-wide shutdown of all indoor dining—including restaurants and bars such as El

13

Monumental—which did not fall under take-out or delivery. NY City Emergency Executive Order [DeBlasio] No. 100 of 2020 § 7, 2020 WL 1931371, at *2 (closing all establishments offering food or drink except for the "sole purpose" of take-out or delivery). This initial shutdown ended on June 18, 2020, totaling twelve weeks. NY City Emergency Executive Order [DeBlasio] No. 126 of 2020 § 1, 2020 WL 4611903, at *1-*2 (permitting restaurants to operate with outdoor seating under the Open Streets initiative). A court may reasonably presume that this shutdown of indoor dining in New York City impacted the hours that Plaintiff worked at El Monumental because she was employed as a bartender. (Compl. ¶ 14; Corsino Decl. ¶ 9). As Plaintiff made no mention of whether, and to what extent, her hours worked at El Monumental were affected by this indoor dining shutdown, this Court will make a reasonable inference that Plaintiff was not working during this period of twelve weeks. (*See* Compl. ¶¶ 13-14; Corsino Decl. ¶ 9).

Lastly, while Plaintiff does not make a claim for her unremitted tips in Pl.'s Mot., she does mention in both the Complaint and the Corsino Declaration that Defendants failed to provide Plaintiff with any tips or gratuities which the customers she served made by credit or debit card. (Compl. ¶ 20; Corsino Decl ¶ 16). Rather, Plaintiff alleges, she only received tips or gratuities which customers made to her via cash. *Id*. However, because Plaintiff fails to make a formal claim for this allegation of unremitted credit or debit card tips, Plaintiff will not receive damages for these tips as this Court is limited to awarding only the damages which are specified in amount and type as demanded in her pleadings. Fed. R. Civ. P. 54(c). Had Plaintiff's Counsel made a more thorough inquiry and included basic facts needed for a sufficient pleading, such as an exact start date in 2018, and how her hours were impacted by the COVID-19 pandemic, the Court would

have been able to grant damages for the full period of Plaintiff's alleged violations, dating back to Plaintiff's starting date in 2018.

Moreover, when a plaintiff asserts claims under both the FLSA and NYLL, they are "not entitled to recover twice for the same injury." *Charvac v. M & T Project Managers of New York, Inc.*, 12-CV-05637 (CBA) (RER), 2015 WL 5475531, at *4 (E.D.N.Y. June 17, 2015) (quotation omitted), *adopted by* 2015 WL 5518348 (Sept. 17, 2015). Rather, a plaintiff is "entitled to the damages under [whichever] statute [] affords the greater recovery." *Xin Long Lin v. New Fresca Tortillas, Inc.*, No. 18-CV-3246 (RJD) (RER), 2019 WL 3716199, at *2 (E.D.N.Y. May 1, 2019), adopted by 2019 WL 3714600 (E.D.N.Y. May 28, 2019). The FLSA is subject to a two-year statute of limitations if the alleged violation is non-willful or a three-year statute of limitations if the alleged violation is willful. 29 U.S.C. § 255(a). On the other hand, the NYLL is governed by a six-year statute of limitations, regardless of the defendants' willfulness. N.Y. Lab. Law §§ 198(2), 663(3). Here, based on Plaintiff's pleadings, the earliest alleged violation which the Court can reasonably infer occurred on January 1, 2019. This civil action was initiated on September 8, 2023—more than four years after the earliest alleged violation. (*See* Compl). Thus, Plaintiff's allegations are best covered by the NYLL, regardless of whether Defendants' actions were willful. Moreover, the NYLL provides for the greatest recovery because it also sets a higher minimum wage rate. 29 U.S.C. § 206(a); 29 U.S.C. § 218 (the federal statute does not preempt a state from setting higher standards); N.Y. Lab. Law ¶ 652(a)(i)–(ii); N.Y.C.R.R. tit. 12, § 142–2.4. Accordingly, this Court will award damages to Plaintiff under the NYLL.

    d. <u>Damage Calculations</u>

i. <u>Minimum Wage Violations</u>

Since December 21, 2018, all employers with more than eleven employees in New York City are required to pay a minimum wage rate of $15.00 per hour. N.Y. Lab. Law § 652(a)(i)–(ii). Unpaid minimum wages owed to a plaintiff are calculated "by subtracting the hourly rate paid to [a plaintiff] each week from New York's minimum wage rate." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F.Supp.2d 114, 126 (E.D.N.Y. 2011). Then, the difference is "multiplied by the number of hours plaintiff worked each week," and then the "totals for each week are added together." *Id.*

| Pay Period | Actual Regular Hourly Rate | Applicable Statutory Minimum Wage | Statutory Min. - Regular Rate | Hours Worked per Week | Weeks Worked | Unpaid Minimum Wages |
|---|---|---|---|---|---|---|
| 01/01/2019-12/31/2019 | $9.50 | $15.00 | $5.50 | 28 | 52 | $8,008.00 |
| 01/01/2020-03/16/2020[8] | $9.50 | $15.00 | $5.50 | 28 | 10 | $1,540.00 |
| 06/18/2020-12/31/2020 | $9.50 | $15.00 | $5.50 | 28 | 28 | $4,312.00 |
| 01/01/2021-12/31/2021 | $9.50 | $15.00 | $5.50 | 28 | 52 | $8,008.00 |
| 01/01/2022-12/31/2022 | $9.50 | $15.00 | $5.50 | 28 | 52 | $8,008.00 |
| 01/01/2023-08/19/2023 | $9.50 | $15.00 | $5.50 | 28 | 33 | $5,082.00 |
| | | | | | **Total Unpaid Minimum Wages:** | **$34,958.00** |

---

[8] The Court is carving out time from March 16th – June 18th to account for when restaurants were restricted to takeout and delivery orders during the COVID-19 pandemic. Emergency Executive Order No. 100, 2020 WL 1931371, at *2; Emergency Executive Order No. 126, 2020 WL 4611903, at *1

Therefore, according to these calculations, Plaintiff is entitled to recover $34,958 for the hours which she worked for Defendants and was paid less than the statutory minimum wage.

### ii. Liquidated Damages

The FLSA and NYLL both provide for an award of liquidated damages that is equal to the amount of unpaid wages owed to a plaintiff. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). A plaintiff, however, is not entitled to recover liquidated damages under both statutes in the same civil action. *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). When liability for liquidated damages is established under both statutes, courts typically award liquidated damages under the statute that provides for the most recovery. *New Fresca Tortillas*, 2019 WL 3716199, at *2. Here, Plaintiff should recover under the NYLL because that statute enables Plaintiff to receive a higher damages award.

In deciding whether to award liquidated damages, courts evaluate whether an employer acted in good faith. N.Y. Lab. Law § 663(1). However, any employer who defaults "fails to make a showing of good faith." *Santos v. Cancun & Cancun Corp*, No. 21-CV-0192 (LDH) (RER), 2022 WL 1003812, at *7 (E.D.N.Y. Feb. 17, 2022). Therefore, the Court awards to Plaintiff the entire amount of minimum wage damages which she is entitled to recover under the NYLL in liquidated damages, for a total amount of $34,958.

### iii. Pre-Judgment Interest

Plaintiff seeks pre-judgment interest under the NYLL. (Compl. at p. 9, ¶ i). Under the NYLL, plaintiffs are permitted to recover pre-judgment interest on damages for "unpaid minimum, overtime, and spread-of-hours wages but not on liquidated or statutory damages." *Rene French Cleaners, Inc.*, 2022 WL 4646866, at *11 (citations omitted); *see*

NYLL § 198(1-a). In New York, pre-judgment interest is calculated at a rate of nine percent per year. N.Y. C.P.L.R. § 5004. If a plaintiff incurs damages at various times, then the interest is computed "upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b); *see also Santana v. 82 Food Corp.*, 19-CV-4733 (SMG), 2020 WL 9814100, at *11–12 (July 10, 2020) (choosing the midpoint of the plaintiff's employment as the "single reasonable intermediate date" for the purposes of calculating pre-judgment interest).

In this case, the mid-point date of Plaintiff's employment from which pre-judgment interest is calculated is April 25, 2021. *(*Compl. ¶ 13; Corsino Decl. ¶ 9). Accordingly, Plaintiff is awarded $11,257.72 in pre-judgment interest, plus $8.62 per diem until the date that judgment is entered by the Clerk of the Court.[9]

### iv. Post Judgment Remedies

Under the NYLL, "[a]ny judgment or court order awarding remedies under th[is] section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. Lab. Law § 198(4). Here, damages are awarded under the NYLL. Accordingly, Plaintiff's damages will be increased by fifteen percent if damages remain either unpaid for at least ninety days after judgment is entered,

---

[9] The per diem interest was calculated using the following formula: $34,958 (total amount of minimum wage damages) × .09 (Statutory Rate)/ 365 (number of days per year) = $8.62

The pre-judgment interest was calculated as follows: 8.62 (per diem) × 1,306 (number of days between the midpoint of Plaintiff's employment and the date of the default judgment order) = $11,257.72

or at least ninety days after the deadline to file an appeal and no appeal is pending, whichever is later.

## **CONCLUSION**

For the reasons set forth above, Pl.'s Mot. is denied as to Individual Defendant and denied in part and granted in part as to Corporate Defendant without prejudice. Plaintiff is awarded damages totaling $81,173.72, consisting of (1) $34,958 for unpaid minimum wages, (2) $34,958 for liquidated damages, (3) $11,257.72 for pre-judgment interest on $34,958 at a rate of nine percent per year from April 25, 2021, until November 21, 2024, (4) and post-judgment interest fifteen percent penalty under the NYLL if damages remain unpaid for at least ninety days from the date of judgment or at least ninety days after the expiration to appeal and no appeal is pending.

SO ORDERED.

 /s/ RAMÓN E. REYES, JR.

RAMÓN E. REYES, JR.
United States District Judge

Dated: November 21, 2024
        Brooklyn, NY